IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

WALKER T. SIGLER,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        Case No.: 6:19cv39
                                     )
EDWARD GEORGE FERRON, JR.,           )
and                                  )
SAVANNAH L. M. SIMMONS,              )
                                     )
        Defendants.                  )

**<u>ANSWER</u>**

Defendant Edward George Ferron, Jr., by counsel, for his answer to the Complaint states

as follows:

1.      Paragraph 1 of the Complaint does not require a response.  To the extent it

requires a response, Defendant denies the allegations in paragraph 1.

2.      With regard to paragraph 2, Defendant admits the allegations in the first sentence.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in the second sentence of paragraph 2.  Defendant admits the allegations in the third

sentence of paragraph 2.  Defendant denies the allegations in the fourth sentence of paragraph 2.

3.      Defendant denies the allegations in paragraphs 3, 4, and 5, except that Defendant

admits that no gunshot fired by him struck Plaintiff.

4.      Paragraph 6 requires no response.  To the extent it requires a response, Defendant

denies the allegations in paragraph 6.

5.    With regard to paragraphs 7 and 8, Defendant admits that this Court has jurisdiction and that venue is appropriate in this Court.

6.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

7.    With regard to paragraph 10, Defendant objects to Plaintiff's use of "At all relevant times" without more definition.  Nonetheless, Defendant admits that he was on duty as a City of Lynchburg police officer at the time of his encounter with Mr. Sigler.

8.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 11 and 12.

9.    Defendant admits the allegations in paragraph 13.

10.    Defendant denies the allegations in paragraph 14 and the first sentence of paragraph 15.  Defendant admits the second sentence of paragraph 15.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegation in the third sentence of paragraph 15.

11.    Defendant denies the allegations in paragraph 16.

12.    Defendant admits the allegations in paragraph 17.

13.    Defendant denies the allegations in the first, second, and fourth sentences of paragraph 18.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegation in the third sentence of paragraph 18.

14.    Defendant admits the allegations in paragraph 19.

15.    Defendant denies the allegations in paragraphs 20 and 21.

16.    Defendant admits the allegations in the first sentence of paragraph 22.  Defendant denies the allegations in the second sentence of paragraph 22.

17. Defendant admits the allegations in paragraphs 23, 24, 25, and 26.

18. Defendant denies the allegations in paragraph 27.

19. Defendant denies the allegations in paragraph 28.

20. Defendant admits the allegations in the first sentence of paragraph 29. Defendant denies the allegations in the second sentence of paragraph 29.

21. Defendant admits the allegations in paragraph 30.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

23. Defendant denies the allegations in paragraphs 32 and 33.

24. Defendant denies the allegations in paragraph 34.

25. Defendant denies the allegations in paragraph 35.

26. With regard to paragraph 36, Defendant admits that he directed Officer Rowland to call out the first time and that Officer Rowland then also called out again but denies all other allegations in paragraph 36.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

28. With regard to paragraph 38, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first five sentences. Defendant denies the allegations in the sixth and seventh sentences of paragraph 38.

29. Defendant admits hearing the dog bark but denies the remaining allegations in paragraph 39.

30. Defendant denies the allegations in paragraph 40.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 41 and 42.

32.     Defendant denies the allegations in paragraphs 43, 44, 45, 46, 47, 48, 49, and 50.

33.     With regard to paragraph 51, Defendant admits only that Officer Simmons' shot went through the closed door and struck Plaintiff.  Defendant denies all other allegations in paragraph 51.

34.     Defendant denies the allegations in paragraph 52.

35.     Defendant denies the allegations in paragraph 53.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

37.     With regard to paragraph 55, Defendant admits only that Mr. Sigler asked him why he shot and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55.

38.     Defendant denies the allegations in paragraph 56 because they are irrelevant to the issues in the case.

39.     Defendant denies the allegations in paragraph 57.

40.     Defendant denies the allegations in Count I (paragraphs 58-75).

41.     Defendant denies the allegations in Count II (paragraphs 76-82).

42.     Defendant denies the allegations in Count III (paragraphs 83-92).

43.     The allegations in Count IV (paragraphs 94-104) do not pertain to this Defendant and do not require response from this Defendant.  To the extent the allegations require response, Defendant denies the allegations in Count IV.

44.     Defendant denies all allegations not expressly admitted herein.

45.     Defendant denies that he is indebted or liable to the Plaintiff for the amounts or reasons set forth in the Complaint or any other amounts or reasons whatsoever.

46.     Defendant cannot be held liable to Plaintiff by virtue of the doctrines of sovereign, governmental, and/or qualified immunity.

EDWARD GEORGE FERRON, JR.
By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile:  (434) 977-0198
rmilnor@zmc-law.com
*Attorney for Defendant Edward George Ferron, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of July, 2019, I have electronically filed this

document with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to the following:

John E. Lichtenstein, Esq.
Gregory L. Lyons, Esq.
Joanna M. Meyer, Esq.
Lichtenstein Law Group, PLC
PO Box 601
Roanoke, VA 24004
john.lichtenstein@lichtensteinlawgroup.com
greg.lyons@lichtensteinlawgroup.com
joanna.meyer@lichtensteinlawgroup.com
*Counsel for Plaintiff*

Jim H. Guynn, Jr, Esq.
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, VA 24153
jimg@guynnwaddell.com
*Attorney for Defendant Savannah L. M. Simmons*

/s/ Richard H. Milnor